MARIE R. EHMKE, guardian of Pamela Ehmke, a minor, appellant, v. CITY OF SIOUX CITY, appellee.

No. 51516.

(Reported in 131 N.W.2d 821)

DECEMBER 15, 1964.

James A. Lorentzen and Theodore T. Duffield, both of Des Moines, and John F. Pirog, of Sioux City, all for appellant.

Neil R. McCluhan, Marvin J. Klass and John B. Grier, of Sioux City, for appellee.

SNELL, J.—This is an action at law seeking damages for personal injuries suffered by a child when struck by an automobile.

At the close of plaintiff's evidence the trial court directed a verdict for defendant. Plaintiff has appealed.

Counsel for appellant has advanced some ingenious theories but fails for lack of evidence on material matters.

Between twelve o'clock noon and one o'clock p.m. on May 17, 1960, Pamela Ehmke, then six years old, was walking on the parking on the north side of Glenn Avenue in Sioux City. She was struck and seriously injured by an automobile owned and operated by Darrell Sterling. From the pleadings it would appear that plaintiff's claim against Sterling has been settled. There is no present issue before us because of that.

Sterling is not a party to this action. The City of Sioux City is the sole defendant here.

For the purpose of this case we may assume that actionable negligence against Sterling has been established. Plaintiff seeks to hold the city liable therefor.

On May 17, 1960, Sterling was employed by the city. His job was as an inspector for the city on a sewer construction project. The construction was by a contractor pursuant to a contract with the city. There were other inspectors for the city on the project. The inspection work was to see that the plans and specifications of the contract were followed. Sterling's duties were at the jobsite and not elsewhere.

In an effort to hold the city responsible for Sterling's negligence plaintiff alleged:

"That defendant, City of Sioux City, Iowa, was negligent in permitting its employee, Darrell Sterling, to operate a motor vehicle in its employ when it knew, or in the exercise of reasonable care should have known, that said Darrell Sterling was incapable of operating a motor vehicle safely for the reason that said Darrell Sterling had been subjected to blackouts on numerous occasions in the past.

"That the defendant, City of Sioux City, Iowa, was negligent in employing Darrell Sterling as an inspector with knowledge that he would be required to use a motor vehicle to carry out his duties as a city inspector when they knew or should have known that he was not competent to operate a motor vehicle upon the public streets.

"That the defendant, City of Sioux City, Iowa, was negligent in assigning an employee to duties which would require the employee to operate a motor vehicle upon the public streets when said employee was known or should have been known incompetent to operate a motor vehicle.

"That the defendant, City of Sioux City, Iowa, was negligent in encouraging Darrell Sterling, an employee, to operate a motor vehicle upon the public streets when the employee and the City both knew or should have known that the employee, when operating a motor vehicle upon the public streets, created a dangerous and hazardous condition for pedestrians using the public streets."

Plaintiff sought to prove that the city officials knew or should have known of Sterling's previous bad driving record and numerous traffic offenses. Plaintiff claims error based on the trial court's rejection of this evidence. Because of our conclusion on other matters we need not discuss this problem.

■ There was no evidence whatsoever to connect the city with the accident except the naked fact that Sterling was a city employee. Sterling was not driving a city-owned vehicle. There was nothing to show that he was on city business. Sterling was not on the job at the time. The accident happened six blocks from the sewer project where he was employed. It was during the noon hour. Except that he was driving down the street there is

no evidence as to what he was doing or why, where he had been or where he was going.

Except that every employed person has to get to his place of employment in some way the use by Sterling of his car was in no way connected with his duties. He was not required to travel. He had no duties requiring the use of a car. He had no assigned duties requiring the use of his car. The allegations of plaintiff against the city are without any support in the evidence. We find no admissible evidence whatsoever to show that Sterling was acting within the scope of his employment, doing anything for the city, within the control of the city, or for which the city was responsible.

It is well established that "In considering the propriety of a directed verdict for defendant the court gives plaintiff's evidence the most favorable construction it will reasonably bear." Rule 344(f)2, Rules of Civil Procedure. It is also well established that "Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law." Rule 344(f)10, Rules of Civil Procedure.

This does not mean, however, that there is a jury question in the absence of evidence. There is no cause of action in the absence of something connecting a defendant with plaintiff's injury.

At the close of plaintiff's evidence defendant moved for directed verdict on several grounds including complete failure of plaintiff to prove a cause of action against the city. The motion was sustained in its entirety and as to all points in connection therewith.

Because of our conclusion that there was lack of evidence to generate a jury question further discussion is unnecessary.

The case is—Affirmed.

All JUSTICES concur.